# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0861V
UNPUBLISHED

| | |
|---|---|
| PHYLLIS K. ALEXANDER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 4, 2021, Phyllis K. Alexander filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") which meets the Table definition for GBS and which, in the alternative, was caused-in-fact by the influenza vaccine she received on September 26, 2019. Petition at 1, ¶¶ 2, 26, 31. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 28, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On September 9, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $297,065.85, representing $250,000.00 for her actual and projected pain and suffering

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and $47,065.85 for her past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>297,065.85</u>, representing $250,000.00 for her actual and projected pain and suffering and $47,065.85 for her actual lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PHYLLIS ALEXANDER,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 21-861<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 4, 2021, Phyllis Alexander ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") following the administration of an influenza vaccine that she received on September 26, 2019. Petition at 1-7. On February 25, 2022, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on February 28, 2022, the Chief Special Master issued a Ruling on Entitlement and Damages Order finding petitioner entitled to compensation. ECF No. 23; ECF No. 24.

**I.   Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $47,065.85. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $297,065.85, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Phyllis Alexander, in the amount of **$297,065.85.**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        DARRYL R. WISHARD
        Assistant Director
        Torts Branch, Civil Division

        /s/ *Martin C. Galvin*
        MARTIN C. GALVIN
        Trial Attorney, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-3071
        Martin.Galvin@usdoj.gov

Dated: September 9, 2022