# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0861V
(not to be published)

| | |
|---|---|
| PHYLLIS ALEXANDER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Martin Conway Galvan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 4, 2021, Phyllis K. Alexander filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome which meets the Table definition for GBS and which, in the alternative, was caused-in-fact by the influenza vaccine she received on September 26, 2019. Petition at 1, ¶¶ 2, 26, 31. On September 9, 2022, I issued a decision, awarding compensation to Petitioner based on Respondent's proffer. ECF No. 33.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $35,126.27 (representing $32,723.50 in attorney's fees, $1,289.37 in attorney's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

costs, and $1,113.40 in Petitioner's out-of-pocket expenses). Petitioner's Motion for Attorneys' Fees and Costs, filed Mar. 8, 2023, ECF No. 38. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $1,113.40 in out-of-pocket expenses. ECF No. 38-2.

Respondent reacted to the motion on March 13, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. Response to Motion at 2-3, 3 n.2, ECF No. 39. The same day, Petitioner filed a reply stating that he "concurs with Respondent's recommendation that Chief Special Master Corcoran exercise his discretion and determine a reasonable award for attorney's fees and costs in this case." ECF No. 40 at 2.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $490 for work performed by Nancy Meyers - representing a rate increase of $30. ECF No. 38-1 at 19. Additionally, Petitioner requests an hourly rate of $165 for paralegal work performed in 2023. *Id.* at 18-19. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $1.80 for 12 pages of in-house copying costs. ECF No. 38-1 at 19-41. I will, however, allow these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $35,126.27[3] as follows:**

- **A lump sum of $34,012.87, representing reimbursement in the amount of $32,723.50 for attorney's fees and in the amount of $1,289.37 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Turning Point Litigation; and**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $1,113.40, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.